IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


**JULIUS MCCULLUM,**                                                                    **MOVANT**

**v.**                                                                  **NO.: 4:07cr190-SA**

**UNITED STATES OF AMERICA,**                                           **RESPONDENT**


## MEMORANDUM OPINION AND ORDER

Julius McCullum, a federal prisoner, is proceeding *pro se* on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Government has submitted a response to the motion, and McCullum has submitted a reply thereto. This matter is ripe for review. Having considered the pleadings and the record, including the relevant parts of McCullum's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that the motion should be denied.

### Background Facts and Procedural History

On November 1, 2007, McCullum was named in a two-count indictment filed in the Northern District of Mississippi, charging him with possession with the intent to distribute an amount in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Two).

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

On August 20, 2009, McCullum pleaded guilty to Count One of the indictment, and Count Two was dismissed at sentencing.

For United States Sentencing Guidelines ("USSG" or "Guidelines") calculation purposes, McCullum was held accountable for 98.53 grams of cocaine base, which resulted in a base offense level of 30. (PSR ¶ 12). In accordance with USSG § 2D1.1(b)(2), McCullum received a two-level enhancement for possession of a firearm. (*Id*. at ¶ 13). McCullum also recklessly created a substantial risk of death or serious bodily injury to others in the course of fleeing from law enforcement officers, resulting in a two-level enhancement for obstruction of justice. (USSG § 3C1.2). (*Id*. at ¶ 16). After a three-level reduction for acceptance of responsibility, McCullum faced a total offense level of 31. (*Id.* at ¶¶ 17-21).

McCullum accumulated five criminal history points based on five misdemeanor convictions in Greenville, Mississippi. These misdemeanor convictions resulted in a subtotal criminal history score of five. (*Id.* at ¶ 68). However, § 4A1.1(c) provides that only a total of four points may be assigned under this section. (*Id.*). Because the total points assigned pursuant to 4A1.1(c) is restricted to four, the subtotal criminal history score was adjusted to a score of four. (*Id.*). Therefore, the Guidelines provided for a Base Offense Level of 31 and a Criminal History Category III, which resulted range for imprisonment of 135 to 168 months. (*Id*. at ¶ 100). On February 17, 2010, McCullum was sentenced to 135 months' imprisonment. (*See* ECF No. 27).

On December 13, 2011, McCullum filed a § 3582 Motion for Reduction of Sentence pursuant to application of the Fair Sentencing Act of 2010 ("FSA"). (*See* ECF No. 29). According to McCullum's motion, the FSA resulted in a reduction of his Total Offense Level

from a Level 31 to a Level 27, and his revised range of imprisonment, before applicable departures or statutory mandatory minimums, was 87 to 108 months. (*See id.*). However, McCullum faced a statutory minimum sentence of 120 months. (PSR ¶ 99). On December 16, 2011, the Court reduced McCullum's sentence to 120 months. (*See* ECF No. 30).

On May 3, 2013, McCullum filed the instant motion, alleging that several of his misdemeanor convictions in the Municipal Court of Greenville, Mississippi, were expunged by court order dated August 12, 2010. (*See* ECF No. 33, Ex. A). McCullum argues that these convictions should not have been utilized in calculating his criminal history, thus reducing his criminal history category from a Category III to a Category I. He maintains that he should be resentenced without reference to the four now-expunged misdemeanor convictions.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to 28 U.S.C. § 2255 is "the primary means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is

reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

**Discussion**

McCullum maintains that if his federal sentence were corrected to omit the vacated State convictions from the calculation of his criminal history category, he would have a criminal history category of I with a resulting term of imprisonment of 70-87 months. McCullum was sentenced in this Court on February 17, 2010. (*See* ECF No. 27). McCullum's attorney filed a Petition for Expungement in State court on August 6, 2010, pursuant to Mississippi Code Annotated § 99-15-26(5). (*See* ECF No. 33, 9-10). The Municipal Court order expunging a portion of McCullum's record was entered on August 12, 2010. (*See id.* at 8).

Mississippi's statute requires that the defendant petition the court before an expungement may take place; records are not automatically expunged. *See* Miss. Code Ann. § 99-15-26(5). Because the Municipal Court order expunging McCullum's misdemeanor convictions was entered upon McCullum's petition after McCullum was sentenced in this case, the convictions were properly counted in determining McCullum's criminal history. *United States v. Cerverizzo*, 74 F.3d 629, 631 (5th Cir. 1996) (holding that a defendant's prior state conviction could be considered in calculating his criminal history despite the fact that it was expungeable under state law where defendant did not take affirmative action to effect expunction prior to sentencing). Here, McCullum's misdemeanor convictions were not expunged by operation of law, but rather, McCullum was required to take affirmative steps to expunge the convictions. The convictions were not expunged at the time of McCullum's federal sentencing. Therefore, at the time of his

4

sentencing, McCullum's convictions were properly counted as "convictions" for Guidelines purposes.

The Court otherwise finds, as Respondent argues, that McCullum is subject to a ten-year mandatory minimum sentence. McCullum pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He was sentenced on February 17, 2010, to 135 months imprisonment. He moved a sentence reduction under 18 U.S.C. § 3582 in light of the FSA, which amended the statutory penalties for various crack cocaine quantities. The Court reduced his sentence to 120 months, the statutory minimum for the crime.

In *Dillon v. United States*, 130 S. Ct. 2683 (2010), the Supreme Court explained that a proceeding under Section 3582(c)(2) is a limited action permitting "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 2691. The FSA was passed effective August 3, 2010, and the Sentencing Commission, by Amendment 750, promulgated corresponding changes to the Guidelines. *See, e.g., United States v. Mason*, 519 F. App'x 257, 258 (5th Cir. April 29, 2013). However, the FSA does not apply to McCullum, because he was sentenced before the Act took effect. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011); *see also United States v. Kelly*, 716 F.3d 180, 181 (5th Cir. 2013) ("[T]he FSA is not retroactive to defendants. . . whose sentences were modified after the effective date of the FSA but who were originally sentenced before its effective date.").

Moreover, a sentence reduction under § 3582(c) is not authorized where "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment"). § 1B1.10, cmt. 1(A). The Sentencing Commission's adoption of

Amendment 750 did not change the statutory minimum sentence as proscribed in 21 U.S.C. § 841(b). The Fifth Circuit has held that "[a] mandatory minimum statutory penalty overrides the retroactive application of a new Guideline." *United States v. Sneed*, 544 F. App'x 296, 297 (5th Cir. Mar. 15, 2013) (citation omitted). Where the statutory mandatory penalty was higher than the original guideline range, the statutory minimum will become the guideline sentence. USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Accordingly, McCullum has been properly sentenced. This motion is denied.[2]

### Certificate of Appealability

Although McCullum has not filed a notice of appeal, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that McCullum has not made such a showing, and a COA will not issue in this case.

### Conclusion

McCullum is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside, or correct sentence is **DENIED**. A certificate of appealability from this decision is **DENIED**. McCullum's pending motions related to the instant motion [39][41] are **DISMISSED AS MOOT**. The Court will enter final judgment by separate order.

---

[2] Because the Court concludes that McCullum's arguments are without merit, it does not address Respondent's contention that the motion is untimely.

**SO ORDERED**, **THIS** the 29th day of July, 2014.

                                           /s/ Sharion Aycock
                                           **U.S. DISTRICT JUDGE**